# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GARCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRAXAIR, INC.,<br><br>　　　　Defendant. | Case No. 1:18-cv-01493-SAB<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT DISCLOSURES AND REQUEST FOR ATTORNEY'S FEES, COSTS AND SANCTIONS<br><br>(ECF Nos. 21, 28, 29)<br><br>DEADLINE: MARCH 13, 2020 |

## I.

## RELEVANT BACKGROUND

Patrick Garcia ("Plaintiff") filed this action against Praxair, Inc. ("Praxair" or "Defendant") pursuant to 28 U.S.C. § 1332(a). This action is proceeding on Plaintiff's complaint, filed October 29, 2018, against Defendant alleging disability discrimination for termination of employment, Cal. Gov. Code § 12940(a); failure to accommodate, Cal. Gov. Code § 12940(m); failure to engage in the interactive process, Cal. Gov. Code § 12940(n); wrongful termination in violation of public policy; retaliation in violation of Cal. Lab. Code §§ 6310, 1102.5; failure to pay overtime wages in violation of Cal. Lab. Code § 510(a); and failure to pay wages earned in violation of Cal. Lab. Code § 201. Currently before the Court is Plaintiff's motion to strike Defendant's expert witness disclosures and request for sanctions filed December 17, 2019. (ECF

1

No. 21.) On February 5, 2020, Defendant filed an opposition to the motion to strike. (ECF No. 28.) On February 12, 2020, Plaintiff filed a reply.[1] (ECF No. 29.)

## II.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose expert witnesses, whether retained or non-retained, that may be used at trial. Fed. R. Civ. P. 26(a)(2). Federal Rule of Civil Procedure 26(a)(2)(D) provides that a party must make its expert witness disclosures at the times and in the sequences that the court orders. The expert witness disclosure requirement is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. See Adv. Comm. Notes to 1993 Amendments. For each "retained" expert, Rule 26 requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Absent other direction from the court, the opposing party is required to disclose a rebuttal expert within thirty days after receiving another party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). But Rule 37(c)(1) did not "strip the district courts of discretion to allow expert testimony in appropriate

---

[1] Although the January 2, 2020 order required the parties to file a joint statement, Defendant filed an opposition to the motion. (ECF No. 28.) Based on the parties' submissions it is clear that there was some confusion on the parties' part as to the necessity of the joint statement. As the parties have fully briefed the issue, the Court declines to address the issue of the joint statement.

1  circumstances; to the contrary, it contains an express exception under which a failure timely to
2  serve an expert report may be excused if the failure was substantially justified or is harmless."
3  Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010). The burden is on the
4  party seeking to admit the evidence to demonstrate that the failure to disclose was substantially
5  justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1107; R & R Sails, Inc. v. Ins. Co. of
6  Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012).

**III.**

**DISCUSSION**

Plaintiff moves to strike Defendant's expert disclosures and seeks attorney fees and costs as a sanction. Plaintiff contends that Defendant failed to disclose expert witnesses as required by the scheduling order because their expert disclosures were not accompanied by a report from the experts disclosed. Plaintiff argues that Defendant has been informed of the deficiency and has refused to withdraw the disclosure or provide reports from the experts as required by Rule 26 and the Court's scheduling order. Plaintiff seeks an order striking Defendant's expert disclosure and sanctions in the amount of $7,200.00.

Defendant counters that the experts that were disclosed are rebuttal experts which were disclosed on the expert deadline due to no rebuttal expert deadline being set. Defendants contend that Plaintiff was informed the experts are rebuttal experts and a report will be provided once Plaintiffs' experts have been deposed so the rebuttal experts' reports can be prepared. Further, Defendant argues that Plaintiff has not meet and conferred in good faith to resolve this issue. Defendant contends that any failure to provide expert reports was substantially justified and harmless as expert discovery remains open in this action. Defendant requests that the motion be denied in its entirety.

Plaintiff replies that Defendant is incorrect that there was no deadline set to disclose rebuttal experts as the scheduling report set a deadline for supplemental experts to be disclosed. Plaintiff argues that, even if Defendant is correct, they have missed the deadline set by Rule 26 of the Federal Rules of Civil Procedure. Plaintiff argues that Mr. Borcher's availability has been a source of confusion because although he has represented that he will need to take an indefinite

leave he is sometimes available. Plaintiff argues that the fact that expert discovery is still open does not address the harm because the deadline to disclose experts and supplemental experts was not extended.

On November 15, 2019, Plaintiff identified one retained expert who will be testifying regarding Plaintiff's lost compensation and out of pocket expenses and two non-retained experts to testify regarding Plaintiff's medical condition. (ECF No. 21-22 at 5-7.) On this same date, Defendant identified two retained experts. (ECF No. 21-1 at 41-43.) One expert to testify as to Plaintiffs' economic damage and one expert to provide testimony regarding comparable employment, Plaintiff's mitigation efforts, and Plaintiff's earning capacity. (Id. at 41-42.) The expert disclosure stated that these experts may also be asked to review any opinions proffered by Plaintiff's experts and offer their own opinions in rebuttal. (Id.) It is undisputed that no expert reports were attached to Defendant's expert disclosure.

The parties met and conferred on the issue on November 26, 2019, and Plaintiff requested that Defendant withdraw their expert disclosure by December 3, 2019 as confirmed by email. (ECF No. 21-2 at 62-63.) On December 3, 2019, defense counsel responded that, as discussed in the meet and confer, the experts disclosed were to be used to rebut the evidence and testimony offered by Plaintiff's experts. (Id. at 62.) Counsel noted that they had not heard back on dates for deposition of Plaintiff's expert. (Id.) It was requested that Plaintiff wait until the end of expert discovery and review their supplemental expert disclosure to broach any discovery motions. (Id.) Counsel also stated that the deadline for supplemental reports would need to be extended because Plaintiff's expert would need to be deposed to fully supplement. (Id.)

Plaintiff's counsel responded on December 11, 2019, stating that they disagreed with Defendant's position and that experts were to be disclosed by November 15, 2019, and supplemental experts were to be disclosed by December 6, 2019, and there had been no supplemental disclosure. (Id. at 61.) It was requested that the expert disclosure be withdrawn by December 12, 2019. (Id.) The email further states,

> As for the deposition scheduling on Plaintiff's retained and non-retained experts, as we discussed during our November 26, 2019 meet and confer call:

1. Plaintiffs Retained Expert: Terry Lloyd is available for a deposition after December 18, 2019. Plaintiff asked Defendant to propose deposition dates after December 18. Defendant did not do so. Given your email, I reached out to Mr. Lloyd regarding potential dates and am waiting for his response. It would be helpful if Defendant would also provide dates.

2. Plaintiff's Non-Retained Experts: During our November 26 call, I explained that Plaintiff would be happy to facilitate discussions regarding depositions of Dr. Chauhan and Dr. Bianchi. At the same time, Plaintiff was clear that Plaintiff does not have the power to produce non-retained experts and Defendant may have to subpoena these doctors. Plaintiff asked Defendant to propose deposition dates so Plaintiff could reach out to Dr. Chauhan and Dr. Bianchi. Defendant has not done so.

(Id.)

On December 12, 2019, defense counsel responded:

We will not be withdrawing the expert designations. As we have discussed, our experts were retained to essentially rebut the testimony of your anticipated economic/stats expert, and both of them are necessary to do so. They cannot submit appropriate reports in response to your expert's information until his deposition is taken. Once that has occurred, it is our intention to do so. Regardless, it is my intention to seek relief from the court and also seek continuances of this matter. As I indicated to you previously, I have been on a reduced schedule due to ongoing personal issues, which have significantly impacted my case handling, and I anticipate taking an indefinite leave to address them beginning at the end of this week. As such, I am also not available to take Mr. Lloyd's deposition on the 18th. Once I have more information, I will let you know.

Id. at 60.)

On December 13, 2019, Plaintiff's counsel responded that she did not propose December 18, 2019 for the deposition but a date after that time and provided dates for which Mr. Lloyd was available for deposition. (Id.)

On December 27, 2019, a telephonic status hearing was held and the parties agreed to extend the deadline for expert discovery and continue the trial date. (ECF No. 25.) On January 2, 2020, an amended scheduling order issued and a second amended scheduling order issued on January 3, 2020. (ECF Nos. 26, 27.) Pursuant to the second amended scheduling order, expert discovery must be completed by March 13, 2020 and this matter is set for trial on September 22, 2020. (ECF No. 27.)

The deposition of Mr. Lloyd has been set for February 10, 2019, and defense counsel states that rebuttal expert reports will be served before the close of expert discovery on March 13,

2020. (Decl. of Jason Borchers ¶ 8, ECF No. 28-1.)

Plaintiff argues that Defendant's experts should be stricken due to their failure to comply with the scheduling order and the requirements of Rule 26. Here, while Defendant disclosed the retained experts on the expert disclosure deadline, it was subsequently clarified that these were rebuttal experts and would only be testifying to rebut Plaintiff's experts. To the extent that Plaintiff seeks to have the expert designation stricken due to the failure to properly disclose on the correct deadline, the Court finds any such error to be harmless. Plaintiff was informed of the purpose of the expert testimony within the expert discovery deadline and prior to the supplemental expert disclosure deadline. Plaintiff cannot argue that he was unaware that Defendant's experts would be providing rebuttal testimony at the trial of this matter. Plaintiff's motion to strike the expert testimony due to the manner in which the disclosure was provided is denied.

Although Defendant has not provided an expert report, the expert disclosure did provide Plaintiff with the subject matter of the expert testimony. "Dr. Mahla is a senior analyst, with nearly 25 years' experience in the field of economic analysis. . . . Dr. Mahla is expected to testify regarding Plaintiff's alleged economic damages, including: (1) Plaintiff's alleged lost earnings and benefits; (2) Plaintiff's prior, current, and future earnings capacity (including compensation and benefits); and, (3) Plaintiffs mitigation of his alleged damages. Additionally, Dr. Mahla may be asked to review any opinions proffered by Plaintiff's expert(s) and offer his own opinions in rebuttal thereto." (ECF No. 21-2 at 42.)

"Dr. Sarkisian is a Vocational Rehabilitation Expert. Dr. Sarkisian has been retained to provide expert testimony and is expected to testify regarding: (1) the availability of comparable employment after Plaintiff's employment with Defendant based on Plaintiff's skills and experience and the relevant labor market, (2) Plaintiff's mitigation efforts; and, (3) Plaintiff's prior, current, and future earnings capacity (including compensation and benefits). Additionally, Dr. Sarkisian may be asked to review any opinions proffered by Plaintiffs expert(s) and offer his own opinions in rebuttal thereto." (Id.)

Further for each expert, Defendant provided the experts' curriculum vitae and the

compensation that the expert was to be paid in the case. (ECF No. 21-2 at 45-57.) Defendant did not provide an expert report with the disclosure but informed Plaintiff's counsel that the experts were intended to be rebuttal experts and reports would be provided once a deposition of Plaintiff's expert was completed. To comply with the requirements of Rule 26, the more prudent course would have been for Defendant to provide the rebuttal expert report after receiving Plaintiff's expert report and within the disclosure period and then to later supplement the report after deposing Plaintiff's expert.

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd., 375 Fed. App'x at 713. Considering these factors, the Court finds that the failure to provide the report is harmless and therefore evidentiary sanctions are not warranted.

As discussed above, Defendant did disclose the experts within the disclosure deadline and did provide Plaintiff with information about the experts and their expected testimony which lessens any prejudice or surprise. Although Defendant's expert disclosure was not complaint with Rule 26, the fact that discovery is still open provides the ability to cure any prejudice due to the failure to provide the report. Expert discovery in this action is open for approximately another month and trial is not scheduled until late in September of 2020, therefore, there is no need to revise the scheduling order. See Jackson v. United Artists Theatre Circuit, Inc., 278 F.R.D. 586, 595 (D. Nev. 2011) (finding delayed disclosure less harmful where it did not require that discovery be reopened); Flanagan v. Benicia Unified Sch. Dist., No. CIV S–07–0333 LKK GGH, 2007 WL 2601413, at *2 (E.D. Cal. Sept. 6, 2007) (finding evidentiary sanctions not warranted because discovery was not closed); cf. Ingenco Holdings, LLC v. Ace Am. Ins. Co., 921 F.3d 803, 821–22 (9th Cir. 2019) (late disclosure was not harmless because it disrupted both defendant's and the court's schedules); Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008) (late disclosure was not harmless where it

1  would likely require court to create a new briefing schedule and re-open discovery); Nat'l R.R.
2  Passenger Corp. v. Young's Commercial Transfer, Inc., No. 1:13-CV-01506-DAD-EPG, 2016
3  WL 1573262, at *6 (E.D. Cal. Apr. 19, 2016) (excluding testimony where all discovery had
4  closed, the time for the filing of dispositive law and motion had passed, and final pretrial
5  conference was less than six weeks away).

      Finally, Defendant did not provide the expert report because Plaintiff's expert must first be deposed. This deposition was scheduled for February 10, 2019 and the report should be forthcoming.

      Plaintiff relies on Krause v. Hawaiian Airlines, Inc., No. 2:18-cv-00928 JAM AC, 2019 WL 2598770 (E.D. Cal. June 24, 2019), and Wong v. Regents of Univ. of California, 410 F.3d 1052 (9th Cir. 2005) to argue that he has been harmed. In Krause, similar to here, the defendant initially moved to strike the experts disclosures because no report had been provided. 2019 WL 2598770, at *1. The court found,

> plaintiff's expert disclosure was "untimely and woefully inadequate" because it contained virtually none of the information required by Rule 26(a)(2)(B) for retained experts, and as to the non-retained experts, plaintiff had "provided neither the subject matter of their testimony, nor a summary of the facts and opinions to which they would testify," as required by Fed. R. Civ. P. 26(a)(2)(C). Nevertheless, the court concluded that exclusionary sanctions were not warranted at the time because defendant waited an unreasonable time before seeking to cure the deficiencies, and because the deficient disclosure was harmless in light of the time remaining before discovery closed. The court ordered plaintiff to provide fully compliant expert disclosures by June 14, 2019; extended the rebuttal expert disclosure deadline to June 21, 2019; and kept all other deadlines in place. Notably, the motion to strike was denied without prejudice to its renewal, should plaintiff fail to comply.

Id. (internal citations omitted). The expert deadlines were later extended at the request of the plaintiff. (Id. at *2.) It was only after the plaintiff failed to comply with this order and expert discovery had closed that the court found that the failure to comply with the expert disclosure requirements was not harmless and an exclusionary sanction was appropriate. Id. at *4. In essence, the party had been given three opportunities by the court to cure the defect.

      Here, as discussed above, Defendant did provide some of the information required for their expert report. The information missing is the complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in

1 forming the opinions; and any exhibits that will be used to summarize or support the opinion.
2 Defendant contends this will be provided once the deposition of Plaintiff's expert is received.
3 Similar to the initial motion to strike filed in Krause, the Court finds that exclusionary sanctions
4 are not warranted at this time as Defendant has complied with the disclosure requirements to the
5 extent that they contend they are able without deposing Plaintiff's expert and expert discovery
6 remains open.

7 This matter is also distinguishable from Wong. In Wong, the plaintiff identified additional
8 expert witnesses after the disclosure and expert discovery deadline had passed and dispositive
9 motions had been filed. 410 F.3d at 1058-59. The district court excluded the experts as not being
10 timely identified and granted summary judgment to the defendants. Id. at 1059. On appeal, the
11 Ninth Circuit found that the defendant had timely disclosed their experts and described the
12 anticipated testimony and the plaintiff could have conducted expert discovery on the opinion. Id.
13 at 1061-62. The district court had found that the plaintiff had not shown that the failure to
14 disclose was substantially justified or harmless. Id. at 1062. If the plaintiff had been allowed to
15 disclose experts in response to the defendant's motion for summary judgment, the rest of the
16 schedule would have to be altered disrupting the schedule of the court and the parties. Id. It was
17 not an abuse of discretion for the trial court to exclude plaintiff's experts disclosed after the
18 disclosure deadline. Id. at 1062.

19 Here, as discussed above, expert discovery is still open so there is no need to amend the
20 scheduling order. Further, the Court shall extend the expert discovery deadline to allow Plaintiff
21 an opportunity to depose Defendant's expert after the report is received. Plaintiff's motion to
22 strike Defendant's expert testimony is denied without prejudice.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

# IV.
# ORDER

For the reasons set forth, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike Defendant's expert disclosures and request for attorney fees, costs and sanctions is DENIED WITHOUT PREJUDICE;
2. Defendant SHALL SERVE a report for any rebuttal expert that they intend to use at trial on or before **March 13, 2020**; and
3. The expert discovery deadline is extended to **April 13, 2020**.

IT IS SO ORDERED.

Dated: **February 19, 2020**

UNITED STATES MAGISTRATE JUDGE