# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>PRAXAIR, INC.,<br><br>    Defendant. | Case No. 1:18-cv-01493-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE<br><br>(ECF No. 64) |

Patrick Garcia ("Plaintiff") filed this action against Praxair, Inc. ("Praxair" or "Defendant") pursuant to 28 U.S.C. § 1332(a). This action is proceeding on Plaintiff's complaint, filed October 29, 2018, against Defendant alleging disability discrimination for termination of employment, Cal. Gov. Code § 12940(a); failure to accommodate, Cal. Gov. Code § 12940(m); failure to engage in the interactive process, Cal. Gov. Code § 12940(n); wrongful termination in violation of public policy; retaliation in violation of Cal. Lab. Code §§ 6310, 1102.5; failure to pay overtime wages in violation of Cal. Lab. Code § 510(a); and failure to pay wages earned in violation of Cal. Lab. Code § 201.

On March 9, 2021, a minute order issued setting an informal discovery dispute conference for March 30, 2021. (ECF No. 62.) On March 12, 2021, an order issued advancing the discovery dispute conference to March 25, 2021. (ECF No. 63.) On March 24, 2021, the parties filed an informal discovery dispute letter brief. (ECF No. 64.)

A video hearing on the discovery dispute was held on March 25, 2021. Counsel Tom Duckworth and Dena Narbaitz appeared for Plaintiff. Counsel Tanja Darrow and Vanessa Cohn appeared for Defendant.

Plaintiff argues that Defendant did not comply with the Court's January 5, 2021 order re motions *in limine* which required Defendant to supplement its response to request for production of documents no. 50 by identifying those documents that relate to Defendant's undue burden defense. Plaintiff contends that Defendant did not identify the documents that were responsive to the request, but included five pages of mostly boilerplate objections and then listed nearly every document that has been produced in discovery.

Defendant counters that the responsive documents were identified by description and Bates stamp that may be introduced at trial in support of the defense. Defendant argues that the documents identified go directly to the heart of the defense and address Plaintiff's fluctuating work status and limitations; the requirements of Plaintiff's job; the operations that Plaintiff performed and supported in his job at the assigned facility; the impact of his presence/absence at the facility on Defendant's operations; the number of employees available to cover in Plaintiff's absence; the number, location, and type of nearby facilities; where other employees worked; and the relationship between the facilities at issue. Defendant contends that the documents that were identified in the response to the request go directly to the heart of the defense of undue and burden. Defendant also argues that Plaintiff seeks to improperly limit the evidence that may be presented at trial through written discovery and is not entitled to a more specific response that would divulge Defendant's trial strategy.

The California Civil Jury Instructions provide that to succeed on the affirmative defense of undue hardship, a defendant must prove that an accommodation would create an undue hardship because it would be significantly difficult or expensive, in light of the following factors:

    a.    The nature and cost of the accommodation[s];
    b.    [Name of defendant]'s ability to pay for the accommodation[s];
    c.    The type of operations conducted at the facility;
    d.    The impact on the operations of the facility;
    e.    The number of [name of defendant]'s employees and the relationship of the employees' duties to one another;
    f.    The number, type, and location of [name of defendant]'s facilities; and

g. The administrative and financial relationship of the facilities to one another. CACI 2545; see also Cal. Gov't Code § 12926(u). Further, the notes on directions for use state that "[t]he issue of whether undue hardship is a true affirmative defense or whether the defendant only has the burden of coming forward with the evidence of hardship as a way of negating the element of plaintiff's case concerning the reasonableness of an accommodation appears to be unclear." Id. citing Atkins v. City of Los Angeles, 8 Cal.App.5th 696, 733 (2017). "Whether a particular accommodation will impose an undue hardship for a particular employer is determined on a case by case basis" and "is a multi-faceted, fact-intensive inquiry." Atkins, 8 Cal.App.5th at 733 (internal citations omitted).

Plaintiff argues that the documents identified do not address the elements of the defense, and stresses that the defense is an economic defense. While Plaintiff continues to focus on the financial hardship in arguing that the documents identified would not be relevant to the defense, evidence need not directly address financial hardship to meet Defendant's burden. See Hayes v. Home Loan Ctr., Inc., No. G038927, 2008 WL 2461492, at *4 n.6 (June 19, 2008) (unpublished) (finding declarations of Employer's recruiting manager and its recruiting supervisor which stated the employer "could not keep [plaintiff's] position open any longer" because (1) Employer "had a high deficit in its hiring needs"; (2) "the inability to fill positions ... could have a negative impact on [Employer's] business"; (3) a "burden [was] being placed on [his] teammates"; and (4) these teammates might consider "quitting because of the burden being placed on them" was evidence of undue hardship); Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 650 (1st Cir. 2000) ("Undue hardships are not limited to financial impacts; the term includes accommodations that are unduly extensive, substantially disruptive, or that would fundamentally alter the nature or operation of the business.").[1] Evidence presented on the issue of undue burden need not be direct evidence or the best evidence, but just needs to be probative on the issue. At trial it will be for the trier of fact to determine the weight to be given to the evidence presented. 9th Circuit Model

---

[1] California follows federal law (ADA and FEHA) in employment discrimination cases. Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 354 (2000); Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1050; see Atkins, 8 Cal.App.5th at 733 (applying guidance from the Americans with Disabilities Act as the definition of undue hardship mirrors that in the FEHA).

1 Civil Jury Instruction 1.9 (2007).

2 A variety of evidence can be proffered to demonstrate hardship. The policies and procedures, evidence of Plaintiff's limitations, prior evidence regarding Defendant's ability to accommodate Plaintiff's limitations including the workforce at the facility and nearby facilities, etc., while not directly addressing the financial hardship of accommodating Plaintiff are relevant to the hardship that Defendant faced by further accommodating Plaintiff's disability.

Upon review of the supplemental response, the Court does find some merit to Plaintiff's argument that Defendant did not comply with the order requiring a supplemental response. Defendant was ordered to identify those documents that relate to the undue hardship defense. Defendants Response states:

> Defendant refers to the more than 1600 pages of personnel and other documents produced by Defendant throughout the course of this action, certain of which support Defendant's affirmative defense of undue hardship. This document production includes, but is not limited to: documents and information relating to Plaintiff's medical and work status reports, generated by Plaintiff's treatment providers after Plaintiff's industrial accident; documentation and information relevant to Plaintiff's fluctuating work status and limitations post-industrial incident; Defendant's relevant policies and procedures; documents and information relevant to Plaintiff's employment with Defendant; documents and information relevant to the requirements of Plaintiff's position, including documents and information relevant to the operations Plaintiff supported, the impact of Plaintiff's presence/absence on operations, the number of Praxair's employees available to cover for Plaintiff, the relationship between said employees, the number, type, and location of Praxair's nearby facilities, where said employee(s) worked; the cost(s) associated with Plaintiff's absence; and, correspondence amongst the parties and/or amongst Plaintiff's treatment providers regarding the foregoing topics. Such documents and information are available, e.g.,[2] at: DEF000039; DEF000051-DEF000066; DEF000067-DEF000123; DEF000124-DEF000168; DEF000249-DEF000264; DEF000265-DEF000297; DEF000305-DEF000406; DEF000407-DEF000417; DEF000443; DEF000532-DEF000628; DEF000630-DEF000814; DEF000821-DEF000966; DEF000967-DEF001024; DEF001025-DEF001037; DEF001041-DEF001106; DEF001109-DEF00117; DEF00118-DEF001150; DEF001436-DEF001462; DEF001470-DEF001477; DEF001481-DEF001483; DEF001491-DEF001497; DEF001498-DEF001511; DEF001533-DEF001654; DEF001680-DEF001725; DEF001726-DEF001835. These examples are not exhaustive.

(Def.'s Suppl. Response to Pl.'s Third RPD, 4.) Defendant also referred to deposition testimony that was supportive of the defense. (Id., 5.)

---

[2] E.g. means "for example." e.g., Merriam-Webster, https://www.merriam-webster.com/dictionary/e.g. (last visited March 25, 2021).

Plaintiff's position that the supplemental response is noncompliant is supported by the fact that Defendant's response states the listed documents are not exhaustive and list "examples" of the responsive documents. Defendant was required to identify the specific documents that supported the defense and generally referring to all documents that have been produced in discovery does not comply with the Court's order. While the Court is aware of Defendant's position that it is not required to disclose its trial strategy, a response to a request for production was to identify all documents that had been produced that were responsive to the request. As discussed above, the undue hardship defense can be supported by a number of the documents that Defendant has identified and is not limited to financial documents. However, Plaintiff was entitled to more than a list of the documents that had been produced in discovery and an assertion of some examples of responsive documents.

At the March 25, 2021 conference, Defendant asserted that the documents that are responsive were identified by Bates number and a number of documents were identified by Bates number that were asserted to be responsive to the request. The Court finds that the documents that have been specifically identified by Bates number will be considered responsive to the request for production and Defendant is limited to proffering those documents on the issue of undue hardship at the trial of this matter.[3]

Accordingly, Plaintiff's motion to compel a further response to request for production no. 50 is HEREBY DENIED and the Bates stamped documents enumerated in the supplemental response are deemed to be the documents relating to undue hardship.

IT IS SO ORDERED.

Dated:   **March 26, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[3] During the trial of this matter testimony, as well as documents, may be introduced to support the defense of undue burden. This order does not limit in any manner the testimony that could be proffered on the undue burden defense.